JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❑ 1  U.S. Government
       Plaintiff

❑ 3  Federal Question
         *(U.S. Government Not a Party)*

❑ 2  U.S. Government
       Defendant

❑ 4  Diversity
         *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 340 Marine | ❑ 368 Asbestos Personal Injury Product Liability | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❑ 840 Trademark | ❑ 460 Deportation |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | ❑ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle Product Liability | ❑ 371 Truth in Lending | ❑ 720 Labor/Management Relations | ❑ 861 HIA (1395ff) | ❑ 480 Consumer Credit |
| ❑ 190 Other Contract | ❑ 360 Other Personal Injury | ❑ 380 Other Personal Property Damage | ❑ 740 Railway Labor Act | ❑ 862 Black Lung (923) | ❑ 490 Cable/Sat TV |
| ❑ 195 Contract Product Liability | ❑ 362 Personal Injury - Medical Malpractice | ❑ 385 Property Damage Product Liability | ❑ 751 Family and Medical Leave Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 196 Franchise | | | ❑ 790 Other Labor Litigation | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 791 Employee Retirement Income Security Act | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | | | ❑ 893 Environmental Matters |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ❑ 895 Freedom of Information Act |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 896 Arbitration |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | ❑ 950 Constitutionality of State Statutes |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** ❑ 540 Mandamus & Other | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 550 Civil Rights | ❑ 465 Other Immigration Actions | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❑ 1  Original
       Proceeding

❑ 2  Removed from
       State Court

❑ 3  Remanded from
       Appellate Court

❑ 4  Reinstated or
       Reopened

❑ 5  Transferred from
       Another District
       *(specify)*

❑ 6  Multidistrict
       Litigation -
       Transfer

❑ 8  Multidistrict
       Litigation -
       Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:    ❑ Yes    ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.

Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.

**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JONATHAN WALKER and KELLEY** | * | |
| **COOKSEY-WALKER,** | * | |
| | * | |
|     **Plaintiffs,** | * | |
| | * | |
| **vs.** | * | **CASE NO. 21-cv-00373** |
| | * | |
| **STATE FARM FIRE AND CASUALTY** | * | |
| **COMPANY,** | * | |
| | * | |
|     **Defendant.** | * | |

<u>**NOTICE OF REMOVAL**</u>

Defendant State Farm Fire and Casualty Company ("State Farm"), by and through its undersigned counsel, with full reservation of all defenses, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files its Notice of Removal of this cause from the Circuit Court of Baldwin County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division.  In support of the removal of this action, State Farm sets forth the following short and plain statement showing the grounds for removal:

**INTRODUCTION**

1.    This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.  *See* 28 U.S.C. §§ 1441(b), 1446(b).

2.    Plaintiffs Jonathan Walker and Kelley Cooksey-Walker (hereinafter "Plaintiffs") instituted Civil Action No. CV-2021-900797, styled *Jonathan Walker and Kelley Cooksey-Walker v. State Farm Fire and Casualty Company*, on July 19, 2021, against State Farm in the Circuit Court of Baldwin County, Alabama.  Pursuant to 28 U.S.C. § 1446(a), State Farm

attaches as **Exhibit A** true and correct copies of all processes, pleadings, and orders served on State Farm in this action and/or otherwise filed in the Circuit Court of Baldwin County.

3.    In the Complaint, Plaintiffs state claims against State Farm for breach of contract and bad faith. *Id.* at Compl. ¶¶ 8-22. Specifically, Plaintiffs allege that State Farm issued an insurance policy to them that provided coverage to their residence that was in effect on September 16, 2020. Plaintiffs further allege that their property was damaged by Hurricane Sally on September 16, 2020 and that State Farm has failed to pay for the damages owed under the insurance policy and acted in bad faith. *Id.* at ¶¶ 1-7. In the Complaint, Plaintiffs do not state a sum certain amount of damages that they are seeking but state that the seek recovery "compensatory damages and punitive damages …" *Id.* at ¶ 22.

4.    State Farm investigated Plaintiffs' claim and determined that the replacement cost value for the damages covered by the policy totaled $131,934.75. Plaintiffs were paid by State Farm a total of $108,550.84 for the claim, which is the replacement cost value repair amount ($131,934.75) less the depreciation ($18,583.91) and the policy deductible ($4,800.00). State Farm attaches as **Exhibit B** a true and correct copy of its Summary of Loss for Claim No. 01-11M1-54K.

5.    Plaintiffs submitted their own detailed repair estimate to State Farm asserting the amount they claimed to be owed under the policy. Plaintiffs' repair estimate determined that the replacement cost value total was $544,857.67, which consists of $367,863.04 for dwelling repairs, $136,835.50 for other structure repairs and $40,159.13 for contents. State Farm attaches as **Exhibit C** a true and correct copy of the Plaintiffs' detailed repair estimate. The amount that Plaintiffs claim to be owed under the insurance policy is at least $412,922.92 more than what State Farm determined.

4840-7220-7350, v. 1

### NOTICE OF REMOVAL IS TIMELY

6.      Plaintiffs instituted this action on July 19, 2021 in the Circuit Court of Baldwin County, Alabama (Ex. A).  The summons and original Complaint were served upon State Farm's agent for service of process on July 26, 2021.  See USPS Return Receipt filed with Circuit Court attached as **Exhibit D**.  The original Complaint was the initial pleading received by State Farm setting forth the claims for relief upon which this action is based.  State Farm is filing this Notice of Removal within thirty days of the receipt of the initial pleadings setting forth the claim for relief upon which this action is based.  Therefore, the Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

### THIS CIVIL ACTION IS REMOVABLE TO THIS COURT

7.      This action is removable pursuant to 28 U.S.C. § 1441(a) because it is a civil action of which this Court has original jurisdiction pursuant to 28 USC § 1332(a)(1), in that complete diversity of citizenship exists between the Plaintiffs and State Farm and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because State Farm is removing this action to the District Court of the United States for the district and division embracing the place where the action is pending.

### COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

8.      The Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and because complete diversity of citizenship exists between Plaintiffs and State Farm.  Plaintiffs are residents of Baldwin County, Alabama (Comp., ¶1).  Thus, the Plaintiffs are, and were at the time of the institution of this civil action and filing of this removal, are citizens of Alabama.  State Farm is and was at the institution of this civil action and the filing

3

of this removal, a corporation organized and existing under the laws of the State of Illinois, and having its principal place of business in Bloomington, Illinois. *See* Declaration of State Farm's Assistant Secretary-Treasurer, Michael Roper, attached hereto as **Exhibit E**. As a result, State Farm is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress related to the removal of causes.

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

9.     If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. *Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010). Defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 754 (11th Cir. 2010). Rather, the defendant may meet its burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." *Roe*, 613 F. 3d at 1061 (citations omitted). In evaluating a removing defendant's jurisdictional showing, courts do not "suspend reality, or shelve common sense," but instead "may use their judicial experience and common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements." *Id.* at 1062 (citations omitted).

10.     Estimates have been used by this Court in determining the amount in controversy. In *Silverstein v. Weather Shield Manufacturing, Inc.*, 2020 WL4044715 (Southern District AL., 2020), the Court made a detailed analysis of invoices and quotes to determine that the amount in controversy was met. Indeed, estimates are like demand letters that contain specific information

4

supporting a reasonable assessment of value which can then be used in determining the amount in controversy. The key, therefore, is whether the demand letter (or estimate) contains specific information supporting a reasonable assessment of value. For example, *see Hunter v. D & D Transp., Inc.*, No. 19-180-JB-C, 2019 WL 2527574, *3 (S.D. Ala. May 29, 2019) (Cassady, M.J.), *adopting report and recommendation,* 2019 WL 2527568 (S.D. Ala. June 19, 2019) (Beaverstock, J.); *see Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) ("Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled a little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide specific information . . . to support the plaintiff's claims for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight.") (internal quotation marks and citations omitted). Clearly, detailed estimates showing costs of all items supplies more than a reasonable assessment of value.

11.     The submission in this case of the estimates are completely unlike what faced this Court in *SUA Insurance Company v. Classic Home Builders, LLC*, 751 F. Supp 2nd 1245 (Southern District AL 2010). In that case, *SUA*, in attempting to show amount in controversy, listed various items that needed to be repaired, however, it did not provide any evidence of what the costs of the items would be. *Id.* at 1254.

12.     In order to show the amount in controversy, State Farm has submitted its estimate showing a replacement cost value $131,934.75 and Plaintiffs detailed repair estimate showing a replacement cost value of $544,857.67. Thus, Plaintiffs' position is that they are owed under the policy at least $412,922.92 more than what State Farm determined through its investigation. Thus, the minimum amount in controversy is $412,922.92. Plaintiffs' estimate alone

5

demonstrates by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

16.     However, Plaintiffs are also seeking punitive damages for bad faith.  The potential for punitive damages is generally sufficient to show an amount in controversy exceeding $75,000, even where compensatory damages are substantially less than $75,000.     *See, e.g., Krikorian v. Ford Motor Co.,* No. 1:19-00582-KD-N*, 2019 WL 7042939 (S.D. Ala. Nov. 6, 2019) (Nelson, M.J.), *adopting report and recommendation*, 2019 WL 7038265 (S.D. Ala. Dec. 20, 2019) (DuBose, C.J.) (in action for fraud involving sale of new vehicle, where difference in value between  vehicle as represented and its actual value at the time of sale was approximately $1,000, and where plaintiff alleged unspecified "out-of-pocket costs" and "aggravation and mental anguish," the prospect of punitive damages for defendant's alleged concealment of its defective transmissions demonstrated, by a preponderance of the evidence, that the amount in controversy likely exceeded $75,000); *Rogers v. Hartford Life and Acc. Ins. Co.,* No. 12-0019-WS-B, 2012 WL 887482, at *1 n.1 (S.D. Ala. March 15, 2012) (amount in controversy satisfied where plaintiff was claiming $51,000 in unpaid insurance benefits arising from death of her spouse, additional damages for emotional distress and punitive damages based on defendant's allegedly fraudulent conduct in denying her insurance claim); *Henry v. Nationwide Ins. Co.,* No. 06-0612-CG-M, 2007 WL 2409817, at *2 (S. D. Ala. Aug. 22, 2007) (diversity jurisdiction existed where plaintiff claimed $35,000 - $40,000 in personal property losses from burglary and sought punitive damages for bad faith denial of claim).

17.  As recognized by this Court in *Henry*, "[i]n Alabama, in suits against insurance companies claiming contract breach, fraud or other intentional torts, the punitive damages verdict often exceeds the compensatory damages verdict."  2007 WL 2409817, at *2.  By statute, in

cases such as the present, not involving physical injury or a defendant which is a "small business," punitive damages may be as much as three times the compensatory damages amount or $500,000, whichever is greater. *See* Ala. Code §6-11-21(a). The Eleventh Circuit and this Court have held that a state's statutory cap on punitive damages is relevant to determining the amount in controversy. *See Ryan v. State Farm Mut. Auto. Ins. Co.* 934 F.2d 276, 277 (11th Cir. 1991); *McDaniel v. Fifth Third Bank*, 568 Fed. Appx. 729, 731-32 (11th Cir. 2014); *Krikorian*, 2019 WL 7038265, at *6 n. 12; Larouse v. Hammond, No. CV 1:18-00080-CG-N, 2018 WL 1956121, at *5 (S.D. Ala. Apr. 10, 2018)(Nelson, M.J.), *report and recommendation adopted*, No. CV 18-0080-CG-N, 2018 WL 1952526 (S.D. Ala. Apr. 25, 2018) (Granade, J.)

### THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

18.     As set forth above, this Notice of Removal is filed within thirty days of service of the Summons and Complaint upon the defendant State Farm.

19.     Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Southern District of Alabama is the appropriate court for filing a notice of removal from the Circuit Court of Baldwin County, Alabama, where this action is pending.

20.     The Defendant will file with the Clerk of the Circuit Court of Baldwin County, Alabama, a copy of this notice and certify that it will promptly give notice of removal to all adverse parties as required by law.

WHEREFORE, State Farm, desiring to remove this case to the United States District Court for the Southern District of Alabama, Southern Division, being the district and division of said Court for the County in which the state court action is pending, prays that the filing of this Notice of Removal with the Clerk of this Court and a copy with the Circuit Court of Baldwin County, Alabama, shall effect the removal of this suit to this Court.

7

Respectfully submitted this the 25th day of August, 2021.

/s/ Thomas Ryan Luna
JAMES B. NEWMAN    (NEWMJ8049)
THOMAS RYAN LUNA    (LUNAT2309)
Attorneys for Defendant, State Farm
Fire and Casualty Company

OF COUNSEL:

HELMSING, LEACH, HERLONG,
    NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, Alabama  36652
(251) 432-5521
Email: jbn@helmsinglaw.com
        trl@helmsinglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 25th day of August 2021, served a copy of the foregoing pleading by electronic filing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

A. Smith Prestwood
PRESTWOOD LAW FIRM, LLC
P. O. Box 1556
Fairhope, AL  36533

/s/ Thomas Ryan Luna
OF COUNSEL

4840-7220-7350, v. 1